IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NKRUMAH LAMUMBA VALIER, TDCJ # 1546714, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-13-3168 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The Court previously dismissed the petition for a writ of habeas corpus filed in this action as time barred pursuant to 28 U.S.C. § 2244(d). The petitioner, Nkrumah Lamumba Valier (TDCJ # 1546714), filed a notice of appeal and a motion for reconsideration of the decision to dismiss [Doc. # 12]. A second motion for reconsideration [Doc. # 15] was filed approximately one month later. The Court will deny the motions for the reasons stated below.

## I.    FACTUAL BACKGROUND

The Court entered a Memorandum and Order [Doc. # 9] dismissing this action after notifying Valier of his petition's untimeliness and considering his response to the order to show cause why the action should not be dismissed as time barred. In doing

so, the Court found that Valier entered a plea of guilty to charges of sexual assault and was sentenced by the trial court on September 11, 2006. Valier did not file a notice of appeal and did not file a state application for a writ of habeas corpus until August 2, 2010. Valier alleged that he entered the guilty plea with the agreement that he would not be prosecuted for a different sexual assault charge. He contended that he was not aware of the factual basis for his claim until he was tried for the separate charge in violation of the agreement.

The Court accepted Valier's allegation that he was not aware of the factual basis for his challenge until November 18, 2008, the date of the trial for the other sexual assault charge, and concluded that the statute of limitations did not begin until that date which was the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" [Doc. # 9] p. 5 (citing 28 U.S.C. § 2244(d)(1)(D)). However, the Court determined that the federal habeas petition was untimely pursuant to § 2244(d)(1)(D) because it was not filed until October 13, 2013, and there was no properly filed state habeas petition filed between November 18, 2008, and November 18, 2009.

## II.    FIRST MOTION FOR RECONSIDERATION - EVIDENCE

In his first motion [Doc. # 12], Valier contends that his petition is timely because he could not challenge the conviction until 2009 when he had sufficient

evidence to support his claim that the plea bargain regarding the conviction had been breached. Valier's argument is not persuasive because he confuses knowledge of the factual predicate of the claim with evidence in support of the claim. *See Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998). The term "factual predicate" as used in § 2244(d)(1)(D) refers to only the "vital facts" underlying the claim or claims. *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) (citing *McAleese v. Brennan,* 483 F.3d 206, 214 (3d Cir.2007); *Flanagan,* 154 F.3d at 199). Section 2244(d)(1)(D) does not entitle a habeas petitioner to delay filing until he gathers every possible scrap of evidence that might support his claim. *Flanagan*, 154 F.3d at 199. Instead, the limitations period begins running for the petitioner when he could discover the claim's existence through reasonable diligence that is "due" or "reasonable" under the circumstances. *Starns v. Andrews*, 524 F.3d 612, 619 (5th Cir. 2008).

Valier's claim is premised on the basis of the breached plea bargain agreement. He would have had sufficient facts to have been aware of the factual predicate when he was brought before the state district court to be tried for the separate offense. *Cook v. New York State Div. of Parole*, 321 F.3d 274, 280 (2d Cir. 2003); *see also Sanford v. Thaler*, 481 F. App'x 202, 203 (5th Cir. 2012).

## III.   SECOND MOTION - IMPEDIMENT

3

In his second motion [Doc. # 15], Valier complains that TDCJ officials prevented him from seeking habeas relief in a timely manner by locking him up in solitary two weeks in November of 2009 [Doc. # 15], p. 2. He further complains that he had limited access to the law library afterwards and that his legal materials were not returned to him until March of 2010. *Id.*

The Court liberally construes Valier's motion to be a plea for equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Stone v. Thaler*, 614 F.3d 136, 139 (5th Cir. 2010) (citing *Holland v. Florida,* --- U.S. ----, 130 S.Ct. 2549, 2562 (2010)). Valier's arguments are unavailing because he refers to events that occurred on or after the expiration of the limitations period. He does not present facts which show that extraordinary circumstances prevented him from timely seeking relief or that he was reasonably diligent in seeking relief. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Moreover, nearly five years elapsed Valier's second trial before he filed his petition for a federal writ of habeas corpus. His dilatoriness in pursuing his remedies does not warrant equitable tolling. *Id.* at 606 (citing *Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir.2001) (delay of over four months); *Coleman v. Johnson,* 184 F.3d 398, 403 (5th Cir. 1999) (six months); *Koumjian v. Thaler*, 484 F. App'x 966,

4

970 n.11 (5th Cir. 2012) (eight months delay)).

Apart from failing to establish a basis for equitable tolling, Valier filed his second motion for reconsideration well after he filed his notice of appeal and this court does not have jurisdiction over the matter. *Rutherford v. Harris County*, 197 F.3d 173, 190 (5th Cir. 1999).

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, the Court **ORDERS** as follows:

The plaintiff's motions for reconsideration [Doc. ## 12 and 15] are **DENIED.**

SIGNED at Houston, Texas on April 17, 2014.

_____
Nancy F. Atlas
United States District Judge